**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                          :
MICHAEL A. GARCIA,        : Civil Action No.: 12-1657 (JBS)
                          :
          Petitioner,     :
                          :
       v.                 :      OPINION
                          :
DONNA ZICKEFOOSE,         :
                          :
          Respondent.     :
                          :
```

**APPEARANCES:**

> MICHAEL A. GARCIA, Petitioner pro se
> #40236-424
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640
>
> MARK CHRISTOPHER ORLOWSKI, AUSA
> OFFICE OF THE U.S. ATTORNEY
> 970 Broad Street, Suite 700
> Newark, New Jersey 07101
> Counsel for Respondent

**SIMANDLE, Chief Judge**

Petitioner, Michael A. Garcia, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging the decision by the Federal Bureau of Prisons ("BOP") regarding his placement on the wait list for entry in the Residential Drug Abuse Program ("RDAP").

Based on this Court's review of the pleadings and relevant record as provided by Respondent, this petition will be denied for lack of merit.  In addition, Petitioner's motions for discovery and appointment of counsel, (Docket Nos. 11, 12), will be denied as moot.

I.  BACKGROUND

A.  The Residential Drug Abuse Program (RDAP)

In 1990, Congress charged the BOP with making available "appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  To carry out that requirement, as part of the 1994 Violent Crime Control and Law Enforcement Act, ("VCCLEA"), (Pub.L. 103-322), Congress amended § 3621 to require the BOP, subject to the availability of appropriations, to provide residential substance abuse treatment for all "eligible" prisoners.  *See* 18 U.S .C. § 3621(e)(1)(C). An "eligible" prisoner is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program."  18 U.S.C. § 3621(e)(5)(B) (i) and (ii).  As an incentive for successful completion of the residential treatment program, the period of time a prisoner convicted of a nonviolent offense remains in custody after successfully

completing such a treatment program may be reduced up to one year by the BOP.  *See* 18 U.S.C. § 3621(e)(2).

Effective March 16, 2009, 28 C.F.R. § 550.55 codified the eligibility criteria for inmates seeking early release under the RDAP.  The BOP also follows Program Statements ("PS") 5330.11, <u>Psychology Treatment Programs</u>, and PS 5331.02, <u>Release Procedures Under § 3621(e)</u>, in determining an inmate's qualification for participation in the RDAP.  Under PS 5330.11, once an inmate is deemed qualified for participation in the RDAP, he is placed on a waiting list based on his "proximity to release date," typically no later than 24 months from release. (Dkt. # 9-2, Declaration of Dr. Christina Ganz at ¶ 3, and Attachment 3.)  Thus, priority on the waiting list is based an inmate's projected Good Conduct Time ("GCT") release date, not the provisional early release date.  (*Id.*)  According to Dr. Ganz, "[i]nmates may move up or down the waiting list based on continuous movement in and out of the institution, and continuous RDAP interviews."  (*Id.*)

B.  <u>Pertinent Factual History</u>

On August 16, 2011, Petitioner was deemed qualified for participation in the RDAP.  He was then placed on the RDAP waiting list at FCI Fort Dix.  (Dkt. # 9-2, Ganz Decl. at ¶ 4, Attachments 1, 2.)  On September 30, 2011, Petitioner was found to be eligible for early release under 18 U.S.C. § 3621(e). (*Id.*)  At the time the Government filed its response to the habeas petition, on October 23, 2012, Petitioner was still on the RDAP waiting list at FCI Fort Dix.  (*Id.*)

Petitioner filed an administrative remedy with the Warden at FCI Fort Dix, on December 22, 2011, challenging the RDAP enrollment practices as flawed and requesting immediate placement in the RDAP.  Principally, Petitioner argued that RDAP enrollment should not be based on an inmate's projected release date.  (Dkt. # 9-1, Declaration of Tara Moran at ¶ 5 and Exhibit 2.)  The Warden denied Petitioner's administrative remedy request on December 30, 2011, finding as follows:

> A review of this matter revealed you currently are on the wait-list for the RDAP and have a projected release date of August 13, 2014.  Inmates are scheduled to commence this program based upon the time remaining on their sentence. According to 18 U.S.C. § 3621(e)(1)(C), all eligible inmates are given the opportunity to participate in RDAP, with priority for such treatment accorded based on an eligible prisoner's proximity to release date."  You will be added to an RDAP group at this institution once you are closer to your projected release date.

(*Id.*)

The December 30, 2011 response from the Warden also
informed Petitioner that he may file an appeal to the Northeast
Regional Director within 20 calendar days of the date of the
Warden's response.  (*Id.*)  There is no record of Petitioner
having filed an appeal of the Warden's denial with the BOP
Northeast Regional Director or with the BOP Central office.
(*Id.*, Moran Decl. at ¶ 5.)

## II. <u>DISCUSSION</u>

A.   <u>Failure to Exhaust Administrative Remedies</u>

The Government first argues that the petition should be
dismissed because Petitioner failed to exhaust his
administrative remedies.

The BOP Administrative Remedy Program is a multi-tier
process that is available to inmates confined in institutions
operated by the BOP for "review of an issue relating to any
aspect of his/her own confinement."  28 C.F.R. § 542.10.  An
inmate must initially attempt to informally resolve the issue
with institutional staff.  *See* 28 C.F.R. § 542.13(a).  If
informal resolution fails or is waived, an inmate may submit a
BP-9 Request to within 20 days of the date on which the basis
for the Request occurred, or within any extension permitted.
*See* 28 C.F.R. § 542.14.  An inmate who is dissatisfied with the
Warden's response to his BP-9 Request may submit a BP-10 Appeal

to the Regional Director of the BOP within 20 days of the date
the Warden signed the response.  *See* 28 C.F.R. § 542.15(a).  The
inmate may appeal to the BOP's General Counsel on a BP-11 form
within 30 days of the day the Regional Director signed the
response.  *See id.*  Appeal to the General Counsel is the final
administrative appeal. *See id.*  If responses are not received by
the inmate within the time allotted for reply, "the inmate may
consider the absence of a response to be a denial at that
level."  28 C.F.R. § 542.18.

In this case, Petitioner plainly did not pursue exhaustion
of his administrative remedies because he never filed an appeal
from the Warden's denial of his request for immediate placement
in the RDAP.  Petitioner offers no explanation for his failure
to exhaust administrative remedies.

Although 28 U.S.C. § 2241 contains no statutory exhaustion
requirement, a federal prisoner ordinarily may not bring a
petition for writ of habeas corpus under 28 U.S.C. § 2241,
challenging the execution of his sentence, until he has
exhausted all available administrative remedies.  *See*, *e.g.*,
*Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Garcia v.
U.S.*, 518 F. App'x 78, 79 (3d Cir. 2013) (citing *Moscato v. Fed.
Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).  However,
the United States Court of Appeals for the Third Circuit has

held that the administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served.  *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n. 2 (3d Cir. 2005).

> The exhaustion doctrine promotes a number of goals:
>
> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*See Brown v. Hughes*, Civil No. 12-4399 (FLW), 2013 WL 2096634, *3 (D.N.J. May 14, 2013) (quoting *Goldberg v. Beeler*, 82 F. Supp.2d 302, 309 (D.N.J. 1999), *aff'd*, 248 F.3d 1130 (3d Cir.2000)); *see also Moscato*, 98 F.3d at 761.  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  *See*, *e.g.*, *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility).  Thus, under this doctrine, an inmate may file a § 2241 habeas petition challenging the BOP's execution of his sentence only after exhausting available remedies.  *See U.S. v. Morel*, No. 12-2508, 2012 WL 6621463, *1 (3d Cir. Dec. 19, 2012).

Here, Petitioner has not attempted to exhaust administrative remedies.  Nor has Petitioner alleged any facts that would permit this Court to find that exhaustion of his

administrative remedies would be futile.  Moreover, the Court
takes judicial notice of Petitioner's prior action in this
federal court that was dismissed without prejudice for failure
to exhaust administrative remedies.  *Garcia v. Zickefoose,* Civ.
11-7030 (JBS), 2012 WL 4120509 (D.N.J. Sept. 18, 2012) aff'd sub
nom. *Garcia v. United States*, 518 F. App'x 78 (3d Cir. 2013)
("Because it appears . . . that Petitioner did not attempt to
exhaust his administrative remedies before filing this petition,
the petition will be dismissed without prejudice . . ."). It is
plain that Petitioner was aware of his obligation to exhaust his
administrative remedies with regard to a similar claim regarding
the execution of his sentence.  Therefore, this petition must be
dismissed for failure to exhaust.

B.   There Is No Merit to Petitioner's Claim

     In the alternative, this claim also would be denied on the
merits.  First, Petitioner has no due process liberty interest
in early release following his completion of RDAP.  Under 18
U.S.C. § 3621(e), and as an incentive for an inmate's successful
completion of substance abuse treatment, "[t]he period a
prisoner convicted of a nonviolent offense remains in custody
after successfully completing a treatment program may be reduced
by the Bureau of Prisons, but such reduction may not be more
than one year from the term the prisoner must otherwise serve."

18 U.S.C. § 3621(e)(2)(B). To complete the BOP treatment program, and therefore to become eligible for early release, an inmate must complete all phases of the treatment program. *See* 28 C.F.R. §§ 550.53, 550.55.

In this case, Petitioner appears to be claiming that his delay in placement in the RDAP will result in the loss of an earlier release incentive if and when he completes the RDAP. Petitioner is presently on the waiting list for the RDAP, and thus has not completed the program. Therefore, it is premature to know whether Petitioner will ever even meet the requirements necessary to receive the sentence reduction he is anticipating from his placement in the RDAP.

Moreover, Petitioner's due process rights would not be implicated because he has no liberty interest in a sentence reduction under § 3621(e). *See Richardson v. Joslin*, 501 F.3d 415, 419-20 (5th Cir. 2007); *see also Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007); *Washington v. Zickefoose*, No. 12-303 (RBK), 2012 WL 5247623, *3 (D.N.J. Oct. 24, 2012); *Hugel v. Bledsoe*, No. 08-1050, 2009 WL 1406252, at *4 (M.D.Pa. May 18, 2009); *Marine v. Quintana*, No. 08-333, 2009 WL 1065915, at *11 (W.D.Pa. Apr.20, 2009). The Due Process clause itself does not create a liberty interest in early release under § 3621(e) because requiring Petitioner to serve the remainder of his

original sentence "is not outside what a prisoner 'may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law.'"  *Richardson*, 501 F.3d at 419-20; *see Becerra*, 248 F. App'x at 370.

Nor does Section 3621(e) create a liberty interest, because the determination whether to release a particular inmate is left to the discretion of the BOP.  *See* 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons . . ."); *see Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.")  There is not the necessary mandatory language in Section 3621(e), and so Petitioner has no statutory right to early release under Section 3621(e).  *See Douvos v. Quintana*, 382 F. App'x. 119, 122 (3d Cir. 2009) ("Use of the word 'may' suggests that Congress intended to give the BOP some discretion in administering the statute, even when an inmate has completed the program.  Here, [Petitioner] had only a provisional eligibility for halfway house placement and sentence reduction

because he did not complete the program . . . . [Petitioner] made no showing that he has a protected interest under § 3621(e)(2)(B) . . .”).  *See also Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 226-28 (1976) (holding that a statute which grants the prison administration discretion does not confer a right on an inmate).

Therefore, Petitioner's due process argument regarding priority placement in the RDAP so that he can have an earlier release is without merit and should be denied.

Next, Petitioner asserts a denial of equal protection claim with respect to his placement on the RDAP waiting list.  This claim likewise fails because Petitioner does not show that he is being treated differently from similarly situated inmates, nor does he demonstrate that the BOP's determination of RDAP priority is not "rationally related to a legitimate [governmental] interest."  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (To state a cognizable claim for denial of equal protection when the litigant does not allege membership in a suspect class or substantial interference with a fundamental right, a plaintiff must show that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the disparate

11

treatment.); *Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 423 (3d Cir. 2000).

Finally, Petitioner claims that the BOP is improperly using an inmate's projected GCT release dates, as defined in 18 U.S.C. § 3624(a), in determining the priority for the RDAP waiting list.  Instead, Petitioner maintains that the discretionary early release date under § 3621(e) should be used to calculate priority on the RDAP waiting list.

Section 3621(e)(1)(C) clearly provides that priority for a substance abuse treatment program is based on the "eligible prisoner's proximity to release date."  The United States Court of Appeals for the Ninth Circuit rejected a similar argument, as asserted by Petitioner here, in *Close v. Thomas*, 653 F.3d 970 (9th Cir. 2011).  In *Close*, the Ninth Circuit found that the plain language in § 3621(e), "unambiguously allows [the BOP] to calculate 'proximity to release' without incorporating the possibility of early release."  *Close*, 653 F.3d at 974-75. Thus, the BOP may use the GCT projected release date to determine RDAP priority, rather than a provisional and discretionary early release date.  *Id*.  Accordingly, Petitioner's claim in this regard lacks merit.

12

III.  <u>CONCLUSION</u>

For the reasons set forth above, this habeas petition will be denied without prejudice for failure to exhaust administrative remedies, or alternatively, for failure to state a claim for habeas relief at this time.  Petitioner's motions for discovery and appointment of counsel, (Dkt. ## 11, 12), are denied as moot accordingly.  An appropriate order follows.


<u>**s/ Jerome B. Simandle**</u>
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **September 24, 2013**